Toro, Recurrente, *v.* El Registrador de Mayagüez, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Mayagüez denegando la inscripción de un expediente de dominio.

No. 315.—Resuelto en junio 26, 1917.

Expediente de Dominio—Id.—Posesorio.—El artículo 393 de la Ley Hipotecaria se contrae a las informaciones posesorias y no hay en la ley precepto

alguno que lo haga extensivo a las informaciones de dominio.

Id.—Asiento Contradictorio—Cancelación de Inscripción.—Cuando del registro aparece inscrito a favor de persona distinta del promovente el dominio del terreno que éste trata de inscribir, esa inscripción no puede llevarse a efecto sin la cancelación del asiento de dominio existente a favor de aquélla.

Id.—Cancelación de Asiento Contradictorio de Dominio.—La cancelación de un asiento contradictorio de dominio sólo puede ser ordenada en el procedimiento debido, con audiencia de las partes, y no en el auto aprobatorio de una información de dominio, pues en estas informaciones, conforme al artículo 395 de la Ley Hipotecaria, sólo puede el juez declarar justificado o no el dominio de los bienes de que se trata, y otra cosa sería desnaturalizar la verdadera índole de la información. La cancelación así ordenada es nula en derecho y no puede surtir efectos legales.

Id.—Resolución Consentida por las Partes—Defecto Subsanable.—Cuando la resolución aprobatoria de un expediente de dominio es consentida por las partes que en el mismo han intervenido, es título bastante para la inscripción, según la regla 5 del artículo 395 de la Ley Hipotecaria, a no existir asiento contradictorio, siendo innecesario esperar que transcurra el término concedido para apelar.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José Sabater.*

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció en nombre propio.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Juan Toro Santalís promovió expediente ante la Corte de Distrito de Mayagüez para justificar el dominio de una finca situada en el barrio de Bateyes del término municipal de dicha ciudad con cabida de 96 cuerdas, que formaba parte de otra de mayor cabida, o sea de la hacienda denominada Camila sita en el mismo barrio con cabida de 250 cuerdas, inscrita en el registro de la propiedad de Mayagüez al folio 207, tomo 25 de Mayagüez, No. 1579, inscripción 1ª., a nombre de Ramón Olivares García, habiendo sido segregadas de la referida hacienda 154 cuerdas que vinieron a formar una finca aparte a favor de Luis Pío Santalís también inscrita en el registro, siendo las 96 cuerdas restantes las que adquirió por título de dominio el promovente, a saber: cuatro octavas partes de su difunto padre Secundino del Toro; otra octava parte por herencia de su madre Virginia Santalís; y las otras tres octavas

partes por compra a Carmen, Eloísa y Ramón Toro Santalís.

La Corte de Distrito de Mayagüez por auto de 19 de marzo del corriente año 1917, aprobó el expediente y declaró justificado a favor de Juan Toro Santalís el dominio de la finca de 96 cuerdas mandando que se haga en el Registro de la Propiedad de Mayagüez la correspondiente inscripción a favor del promovente y que se cancele el asiento de inscripción que consta al folio 207 del tomo 25 de Mayagüez, finca No. 1579, inscripción 1ª., para lo cual se expediría el correspondiente testimonio de la expresada resolución una vez que fuera firme.

El Fiscal de la Corte de Distrito de Mayagüez mostró su conformidad con el auto dictado y dicha corte lo declaró firme por orden de 20 de marzo citado.

Presentó Juan Toro Santalís al registrador de la propiedad certificación del auto de 19 de marzo y de la orden que lo declaró firme y el registrador denegó la inscripción por medio de nota que copiada a la letra dice así:

"Denegada la inscripción de este documento con vista de otro, en cuanto a las operaciones de que trata, por observarse que la finca cuyo dominio se acredita, se encuentra inscrita a favor de Ramón Olivares y García, persona distinta del promovente, y si bien del documento se infiere que para remover dicho obstáculo en la información de dominio se siguió un procedimiento análogo al de las informaciones posesorias, caso de existir asientos contradictorios, mandándose cancelar en el mismo auto declaratorio del dominio el asiento expresado a favor del Señor Olivares y García que aparece del registro, tal procedimiento no es aplicable a las informaciones de dominio ni hay precepto legal que lo autorice, entendiendo además el registrador suscribiente que para decretarse la cancelación aludida que ha de franquear el paso a la nueva inscripción de dominio que se pretende, no se ha seguido el procedimiento adecuado, observándose también, que sin estar ejecutoriado el auto ordenando la referida cancelación se solicita su inscripción, y aunque la corte a moción del promovente y con vista al Fiscal, quien no hizo oposición, declaró firme dicho auto éste no lo estará hasta tanto no hayan transcurrido treinta días desde su fecha; tomando en lugar de la inscripción y cancelación solicitadas, anotación preventiva por término de ciento veinte días contados desde esta fecha, al folio 211 del tomo 25°. de

esta ciudad, finca No. 1579, anotación letra A. Mayagüez, abril 16 de 1917. Entrelíneas—en cuanto a las operaciones de que trata— y cancelación—Valen. El Registrador, Rafael Tirado Verrier."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto.

Alega el recurrente que el registrador cometió error al estimar que el expediente de dominio no es procedimiento adecuado en casos de asientos contradictorios para obtener la inscripción y cancelación denegadas, y que también erró el registrador al denegar la inscripción por no ser firme el auto aprobando el expediente de dominio.

Invoca el recurrente en apoyo del primer motivo del recurso el artículo 393 de la Ley Hipotecaria, el cual previene que cuando el registrador al inscribir un expediente posesorio encuentre en el registro algún asiento de adquisición de dominio o posesión no cancelado que esté en contradicción con el hecho de la posesión justificada por la información judicial, suspenderá la inscripción, tomará anotación preventiva si la solicita el interesado y remitirá copia de dicho asiento al juez que haya aprobado la información para que éste en su vista, con citación y audiencia de las personas que por dicho asiento puedan tener algún derecho sobre el inmueble, confirme o revoque el auto de aprobación. Y agrega el recurrente que como en el registro aparecía inscrito a favor de Ramón Olivares García el dominio del terreno a que se refiere el expediente, solicitó y obtuvo que por haber fallecido Olivares García e ignorarse el paradero de sus herederos fueran citados éstos por edictos, y así se verificó, sin que formalizaran oposición al expediente.

La cuestión que ahora se levanta ha sido ya resuelta por esta Corte Suprema en el caso de *Porto Rican Leaf Tobacco Co., v. El Registrador de la Propiedad,* 17 D. P. R. 228. Entonces dijimos que el artículo 393 de la Ley Hipotecaria se contrae a las informaciones posesorias y no hay en la ley pre-

cepto alguno que lo haga extensivo a las informaciones de dominio.

Ordena el artículo 82 de la citada Ley Hipotecaria que las inscripciones o anotaciones preventivas hechas en virtud de escritura pública no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de casación o por otra escritura o documento auténtico, en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiere hecho la inscripción o anotación, o sus causahabientes o representantes legítimos. Del registro aparece inscrito a favor de Olivares García el dominio del terreno que Juan Toro Santalís trata de inscribir y esa inscripción no puede llevarse a efecto sin la cancelación del asiento de dominio existente a favor de Olivares García. *Ginorio* v. *El Registrador,* 2 S. P. R. 579; *Porto Rican Leaf Tobacco Co.,* v. *El Registrador de la Propiedad, supra;* y *Colón* v. *El Registrador de Caguas,* 24 D. P. R. 770.

Es verdad que en el auto aprobatorio del expediente de dominio el juez ordena la cancelación del asiento de inscripción existente a favor de Olivares García; pero como esa cancelación no se ha ordenado en el procedimiento debido con audiencia de las partes interesadas es nula en derecho y no puede producir efectos legales.

El artículo 395 de la Ley Hipotecaria autoriza a los propietarios que carezcan de título escrito de dominio para que puedan inscribir su derecho justificándolo en la forma que el mismo artículo determina, y establece que después de oir el juez por escrito sobre las reclamaciones y pruebas que se hubiesen presentado, al ministerio fiscal y a los demás que hayan concurrido al juicio ''declarará justificado o no el dominio de los bienes de que se trate.'' Esto y nada más es lo que el juez puede declarar en esa clase de expedientes, pues otra cosa sería desnaturalizar la verdadera índole de las informaciones de dominio. *Díaz et al.* v. *Waymouth,* 13 D. P. R. 327.

Como la cancelación ordenada no puede llevarse a efecto debe subsistir la inscripción en toda su fuerza, y por tanto la denegatoria del registrador a inscribir a favor del recurrente el dominio de que se trata está justificada.

Por lo que atañe al segundo motivo del recurso, opinamos que habiendo sido consentida la resolución aprobatoria del expediente por las partes que en el mismo han intervenido, dicha resolución, consentida, hubiera sido título bastante para la inscripción del dominio, según la regla 5 del artículo 395 anteriormente citado, a no existir el asiento contradictorio de que se deja hecho mérito.   De todos modos, de existir el defecto sería subsanable.   *Soto* v. *El Registrador,* 15 D. P. R. 612, y *Martínez* v. *El Registrador,* 16 D. P. R. 273.

Por las razones expuestas es de confirmarse la nota recurrida en cuanto esté conforme con los principios establecidos en la presente opinión.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.