Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| EFRAÍN TORRES PÉREZ Y SU ESPOSA MIRKA IVELISSE CABRERA VÉLEZ<br><br>Peticionarios<br><br><br>EX PARTE | KLCE202400120 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Sobre:<br>Expediente de Dominio<br><br>Caso Número:<br>AG2023CV00744 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de febrero de 2024.

Comparece la parte peticionaria, Efraín Torres Vélez y su esposa, Mirka Ivelisse Cabrera Vélez (¨peticionarios¨ o ¨matrimonio Torres Cabrera¨), mediante recurso de *certiorari*. Solicitan la revisión de la *Orden* dictada el 29 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante el referido dictamen, el TPI declaró *No Ha Lugar* una moción de reconsideración relativa a una denegatoria sobre petición de expediente de dominio.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del recurso de *certiorari*.

**I.**

El 12 de mayo de 2019, se inició ante el TPI un procedimiento de expediente de dominio para la inmatriculación de una (1) finca que no consta inscrita en el Registro de la Propiedad. La descripción del inmueble, luego de una rectificación de mensura, es la siguiente:

> ---RÚSTICA: Predio de terreno localizado en el Barrio Galateo Bajo del término municipal de Isabela, Puerto Rico, con una cabida superficial de MIL CIEN (1100.00) METROS CUADRADOS, equivalentes a CERO PUNTO

DOS MIL SETECIENTOS NOVENTA Y NUEVE (0.2799) DIEZMILESIMAS DE CUERDA, EN LINDES: por el NORTE, con Julia Pérez, por el SUR, con Sucn Vicente Torres, por el ESTE, con camino municipal y por el OESTE, con Ángel Torres y Sucn Gilberto Torres.-------
-----------------------------------------------------------------
---Contiene una estructura para propósitos residenciales. ---------------------------------------------------
---CATASTRO NÚMERO: 02-047-000-005-05-001.------

En el Centro de Recaudación de Ingresos Municipales ("CRIM"), el predio forma parte de una finca de mayor cabida, a nombre de Rodolfo Montero Avilés. La ubicación de esta surge del CRIM como: Bo. Arenales Altos, Carr. 4494 Km. Hm. 1.2, PR, Puerto Rico, 00000.

Luego de varios trámites, el 27 de octubre de 2023, se celebró el juicio en su fondo. Ese mismo día, el TPI emitió una *Orden de Mostrar Causa* a la parte peticionaria, por lo cual no debería desestimar la Petición de Expediente de Dominio. Específicamente, ordenó que expusieran sus posiciones respecto a la ubicación e identificación de la propiedad en el CRIM y sobre el supuesto de que la propiedad resulta ser una segregación de una finca de mayor cabida.

El 6 de noviembre de 2023, el matrimonio Torres Cabrera presentó una *Moción en Cumplimiento de Orden*. Alegaron que no requerían aprobación de la OGPe para la segregación de la finca, ya que dicha finca se había formado como una independiente previo al año 1940. Para sustentar su planteamiento, señalaron que alrededor del año 1940, el predio fue vendido por Rafael Cajigas a Vicente Torres Guzmán y su esposa, Andrea Rodríguez. Luego, en el 1951, Vicente Torres Guzmán y Andrea Rodríguez le vendieron el predio de terreno a Virginia Pérez Aldarondo. Finalmente, el matrimonio Torres Cabrera adquirió el predio de Virginia Pérez Aldarondo en el 2011. El matrimonio Torres Cabrera alegó que, junto a los dueños anteriores habían poseído la finca por más de 30 años. A los efectos de evidenciar el tracto procesal presentaron una

*Declaración Jurada* de Miguel Antonio Torres Pérez en donde declaró el tracto antes señalado. Apéndice de *Certiorari*, pág. 69.

De su parte, 7 de noviembre de 2023, el Municipio de Isabela presentó una *Moción Objetando Expediente de Dominio* y se opuso a la Petición del matrimonio Torres Cabrera. El Municipio señaló que existen incongruencias que ocasionan su oposición a la solicitud de expediente de dominio.

En primer lugar, alegó que anteriormente los peticionarios habían admitido que la finca perteneció a una finca de mayor cabida, pero nunca solicitaron a la OGPe autorización para su segregación. Como resultado, agregaron que existe la posibilidad de que la propiedad sea el producto de una división de un predio de terreno de mayor cabida sin haberse obtenido la adecuada autorización.

En segundo lugar, expuso que la ubicación de la propiedad objeto de la petición y la ubicación de la propiedad que aparece bajo el número de catastro brindado por los peticionarios son distintas. Además, la cabida que se hizo constar en el expediente de dominio y la cabida que aparece en el CRIM son completamente distintas.

El 21 de diciembre de 2023, el TPI emitió una *Sentencia* donde declaró *No Ha Lugar* y *desestimó* sin perjuicio la Petición presentada. En lo pertinente, el TPI dispuso que:

> **No habiéndose presentado documentación alguna, que evidencia que el predio objeto de la Petición fue segregado de la finca de mayor cabida**, se declara NO HA LUGAR la Petición y se *desestima* la misma, sin perjuicio. (Énfasis suplido).

Así, el TPI determinó que los peticionarios no habían presentado prueba que evidenciara que el predio objeto de la Petición fue segregado de la finca de mayor cabida.

Inconformes, el 28 de diciembre de 2023, el matrimonio Torres Cabrera presentó una *Moción de Reconsideración*. En síntesis, alegaron que de la Petición y prueba presentada surge que

KLCE202400120                                              4

el predio no forma parte de una finca de mayor cabida. Además, señalaron que cumplieron con los requisitos para conceder el expediente de dominio. No obstante, el 29 de diciembre de 2023, el TPI dictó una *Orden* y resolvió *No Ha Lugar* la reconsideración.

Posteriormente, el 29 de enero de 2023, el matrimonio Torres Cabrera presentó un *Escrito de Certiorari* solicitando de este Tribunal la revisión de la *Sentencia* del 21 de diciembre de 2023. Realizaron el siguiente señalamiento de error:

> **Erró el TPI al declarar No Ha Lugar la petición de expediente de dominio para inscribir en el Registro de la Propiedad un predio de terreno que se ha mantenido con la misma configuración física, dentro de sus mismas colindancias y dimensiones por más de 72 años, proveniente de una finca matriz no inscrita, por no haber presentado permiso de segregación.**

Los peticionarios adujeron que, están exentos de tener que presentar documento alguno que certifique una autorización de segregación del predio objeto de controversia. Alegaron que, a pesar de que la posesión del predio ha pasado por distintos titulares, este ha mantenido la misma configuración física desde el año 1940, cuando se realizó el primer traspaso entre titulares. Argumentaron que, para el año 1940 aún no habían sido creadas las agencias gubernamentales facultadas para autorizar la segregación del predio. Por ende, concluyeron que aplicar los requisitos de segregaciones esbozados por la legislación vigente sería una violación al Art. 9 del Código Civil de Puerto Rico, que prohíbe aplicar las leyes de manera retroactiva. Finalmente, añadieron que, un permiso de segregación solamente es necesario cuando la finca principal haya sido inscrita en el Registro de la Propiedad.

El 1 de febrero de 2024, mediante *Resolución* le ordenamos al Municipio de Isabela a presentar su oposición a la expedición del auto.

En cumplimiento, el 8 de febrero de 2024, el Municipio de Aguadilla presentó su *Oposición a Certiorari.* El Municipio alegó que, tras una investigación de la propiedad realizada bajo el número de catastro suministrado por los recurrentes, se desprende:

> (1) que dicha propiedad aparece a nombre de Rodolfo Montero Avilés, (2) que dicha propiedad ubica en la carr. 4494 Km. Hm. 1.2, Isabela, P.R., (3) que dicha propiedad tiene una cabida de 41.83 cuerdas y (4) que dicha propiedad tiene deuda en el CRIM.

Además, señalaron que las incongruencias sobre la ubicación de la propiedad y la cabida impiden que puedan correctamente identificar la propiedad. De esta manera, se les hace imposible determinar si el Municipio tiene algún derecho sobre dicha propiedad que impida que la misma sea objeto de dominio privado.

Por otro lado, reiteraron que la propiedad objeto del expediente de dominio formó parte de una finca de mayor cabida. Sobre esto, el Municipio dispuso:

> A esos efectos, la parte recurrente de epígrafe erró:
> a. al no describir la finca de mayor cabida de donde surgió la propiedad objeto del expediente de dominio, según lo exige el subinciso ¨b¨ del artículo 185, supra;
> b. al no proveer una certificación registral de la finca de mayor cabida, tal y como lo exige el subinciso ¨d¨ del artículo 185, supra; y
> c. al no proveer evidencia de haberse realizado una segregación de conformidad con lo exigido en el subinciso ¨i¨ del artículo 185, supra.

Debido a estos errores, el Municipio se opuso a la expedición del *certiorari.*

Examinado el expediente en su totalidad, procedemos a establecer el derecho aplicable y resolver.

## II.

### A. El *certiorari*

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario

mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del

Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**B. Expediente de Dominio**

El mecanismo de expediente de dominio es un procedimiento *ex parte* que le permite a todo propietario que carezca

de título inscribible de dominio proceder con la inscripción de dicho dominio.

A su vez, el expediente de dominio no declara derechos, sino que justifica la existencia de un título de dominio de la parte promovente. *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953). Es por ello que, la única función del juez es declarar justificado o no el dominio de los bienes de que se trate. *Toro v. El Registrador de Mayagüez*, 25 DPR 472 (1917). Por lo tanto, "[l]a resolución aprobatoria de un expediente de dominio no constituye cosa juzgada, y no impide un ataque posterior a la resolución por quienes no hayan litigado". *Rodríguez v. Registrador, supra.*

El procedimiento se encuentra regulado por el Artículo 185 de la Ley Núm. 210-2015, 30 LPRA § 6291, conocida como la Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico. En lo pertinente, dispone que todo propietario que carezca de título inscribible de dominio, podrá hacerlo si cumple con los siguientes requisitos:

> 1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito contendrá las siguientes alegaciones:
>> a. Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.
>> b. La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán, además, describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.
>> c. Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.
>> d. Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una

segregación, no constan inscritas en el Registro de la Propiedad.

e. Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.

f. Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.

g. El modo en que adquirió del inmediato anterior dueño.

h. El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.

**i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción pro indivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.**

j. El valor actual de la finca.

k. Las pruebas legales que se dispone a presentar.

l. Las demás alegaciones que en derecho procedan en cada caso. […]. *Íd.* (Énfasis suplido).

Por otra parte, el Art. 308 de la Ley Núm. 210-2015, 30 L.P.R.A. § 6541, establece que ¨[l]os expedientes de dominio que se encuentren en tramitación ante los tribunales de justicia en la fecha en que entre en vigor esta Ley, se regirán por la legislación anterior sobre la materia¨. Cónsono con lo anterior, toda petición de expediente de dominio presentada luego de la entrada en vigor de la Ley Núm. 210-2015 se regirá bajo la legislación vigente.

Nuestro Tribunal Supremo ha expresado que de surgir en el expediente de dominio una controversia sobre la validez del título o de los derechos dominicales del peticionario, deberá dilucidarse en el propio expediente de dominio, perdiendo su naturaleza *ex—parte* y convirtiéndose en un juicio contencioso. *Ríos v. Tribunal Superior*, 77 DPR 79, 83 (1954). Ello representa ser la práctica judicial más conveniente, ya que evita una duplicación en los procedimientos y

mantiene la eficacia del expediente de dominio. *Íd.* El procedimiento de expediente de dominio no se puede utilizar para obtener la división de una propiedad obtenida en *común pro indiviso. Oquendo v. Registrador,* 78 DPR 118 (1955).

**III.**

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos antes expuestos, se *deniega* recurso de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones