Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| MARÍA MAGDALENA BLANCO ORTIZ  EXPARTE  Peticionaria | TA2025CE00696 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez  Caso núm.: SG2025CV00490  Sala: Salón 307  Sobre: Expediente de Dominio |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, la Juez Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

En una acción sobre expediente de dominio, el Tribunal de Primera Instancia ("TPI") ordenó la presentación de un permiso de segregación de la Oficina de Gerencia de Permisos (la "OGPe") y de otros documentos relacionados con el caudal hereditario de los suegros y la vecina de la parte peticionaria. Según explicamos en detalle a continuación, concluimos que erró el TPI, pues (i) la norma es que no se requiere permiso de segregación cuando, como ocurre aquí, la propiedad proviene de una finca de mayor cabida que no consta inscrita en el Registro de la Propiedad y (ii) el estatuto pertinente no requiere la presentación de los documentos adicionales requeridos, los cuales, de todas maneras, no son pertinentes en este contexto en atención a que la peticionaria alega que adquirió la propiedad por usucapión.

I.

El 7 de agosto de 2025, la Sa. María M. Blanco Ortiz (la "Peticionaria") presentó una *Petición* sobre expediente de dominio (la "Petición"), con el fin de inmatricular un predio de terreno sito en el Municipio de Lajas con la siguiente descripción (la "Propiedad"):

--------RÚSTICA: Cuerpo de terreno sito en el Barrio de Lajas, del término municipal de Lajas, Puerto Rico, compuesto de dos cuartos o ósea cincuenta céntimos de cuerda, con una casa habitación de maderas cubiertas de tejas y zinc, la cual **linda al NORTE, con terrenos de Evangelista Torres**; **al SUR, con los terrenos de Zoilo Toro**; **al ESTE, con los de antes José Christian que ahora son de su sucesión; y al OESTE, con la carretera que de San Germán conduce a Lajas, Puerto Rico**. Contiene una estructura de vivienda de una planta, construida de hormigón y bloques con ventanas de aluminio tipo miami, piso de concreto con losetas con aproximadamente treinta y cinco pies (35') de frente por aproximadamente treinta y cuatro pies (34') de fondo. Consta de cuatro cuartos dormitorios, dos baños, sala, comedor, y balcón. Uno de los baños está ubicado en el cuarto "master" o matrimonial. El acceso a la vivienda es a través del balcón que está ubicado hacia la parte oeste de la propiedad. Hacia la parte norte de la estructura se encuentra una terraza que mide aproximadamente treinta y tres pies de frente por dieciocho pies de ancho. Colinda a dicha terraza, por su lado norte, un cuarto de "laundry" y una marquesina que mide aproximadamente dieciocho pies de frente por quince pies de ancho. La terraza, el "laundry", y la marquesina están techados con paneles de madera tratada y cubiertos con zinc, con piso de concreto con losetas. ---------------------------------------------------------

-------Se tiene acceso a esta estructura de vivienda a través de un camino que transcurre por el predio de terreno de oeste a este que conecta con la carretera que de San Germán conduce a Lajas y que se identifica como la carretera estatal ciento uno (101). Se valora dicha propiedad en cien mil dólares ($100,000.00). ----

La Peticionaria explicó que, junto a su esposo ya fallecido, el Sr. Héctor Alameda Sanabria (el "Esposo"), ha ocupado la Propiedad desde hace más de treinta (30) años, ininterrumpidamente, en concepto de dueña, de manera pública, pacíficamente, con o sin justo título, y de buena fe. Añadió que, desde antes del 1958, el predio contenía una vivienda de madera y zinc, hasta que, en el 1991, la Peticionaria y su esposo construyeron una vivienda de cemento que existe hasta el momento.

Al cabo de algunos incidentes procesales, el 19 de agosto, el TPI notificó una *Orden* en la que dispuso que, en un término perentorio de treinta (30) días, la Peticionaria debía presentar varios documentos para demostrar que cumplía con los requisitos

sustantivos y procesales establecidos en el Artículo 185 de la Ley 210-2015, *infra*, para poder inscribir su título.

En particular, destacamos que el TPI le exigió a la Peticionaria que presentara la resolución de la OGPe que aprobaba la segregación de la Propiedad, así como varios documentos adicionales, a saber: el relevo del caudal relicto del Sr. Jorge A. Alameda Martínez (el "Suegro"), el relevo del caudal relicto de la Sa. Ana Sanabria (la "Suegra") y la declaratoria de herederos y relevo de la Sa. Luz Bracero Alameda (la "Vecina").

El 15 de septiembre, la Peticionaria instó una *Moción en Cumplimiento de Orden Parcial y Solicitud de Prórroga*. Explicó que varios de los documentos solicitados por el TPI fueron presentados como anejos de la Petición, tales como: notificación al Municipio, a los colindantes, a los dueños anteriores, a las agencias concernidas y a las utilidades; plano de mensura y certificación de mensura y certificación registral negativa. Por otro lado, solicitó una prórroga de treinta (30) días para proveer la certificación registral de varios de los colindantes.

Además, solicitó que se dejara sin efecto la orden en cuanto a proveer copia de los siguientes documentos: permiso de segregación; relevos del caudal relicto de su Suegro y de Suegra; y la declaratoria de herederos y el relevo de la Vecina.

El 16 de septiembre, el TPI notificó un dictamen mediante el cual dio por cumplida parcialmente la orden previamente emitida (la "Orden"). Además, le concedió una prórroga de treinta (30) días para cumplir con la totalidad de los documentos solicitados. Por otro lado, denegó la solicitud de que se dejara sin efecto la orden de presentar el permiso de segregación de la OGPe y los documentos relacionados con los caudales hereditarios de los Suegros y la Vecina.

El 29 de septiembre, la Peticionaria solicitó la reconsideración de la Orden. Destacó que no tenía que presentar un permiso de segregación de la OGPe porque la Propiedad no era parte de una finca de mayor cabida que constara inscrita. Por otro lado, en cuanto al relevo de su Suegra, la Peticionaria alegó que no procedía su presentación porque sus suegros se divorciaron y su Suegra no tuvo participación en el terreno objeto del expediente de dominio. Además, informó que presentó la planilla del caudal relicto de su Suegro, pero que esta fue rechazada debido a una deuda en el CRIM de la propiedad colindante y, para poder procesar la planilla, le requirieron pagar la deuda o hacer un plan de pago. La Peticionaria indicó que la deuda no le corresponde a la Propiedad, sino a la finca "colindante" de la Vecina. Adujo que la "confusión" obedece a que ambos inmuebles "comparten" el número de catastro en el CRIM. En cuanto a la Vecina, la Peticionaria dijo que esta había fallecido hace 48 años y que desconocía el paradero de sus herederos. Añadió que carecía de "standing" para solicitar la declaratoria de herederos y el relevo de ese caudal. Alegó que la Vecina "en nada se relaciona" con la Propiedad, sino que era "colindante".

Mediante una Resolución notificada el 1 de octubre, el TPI denegó la moción de reconsideración de la Peticionaria.

Inconforme, el 30 de octubre, la Peticionaria interpuso el recurso que nos ocupa; formula los siguientes dos (2) señalamientos de error:

> 1. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE RECONSIDERACIÓN SOBRE PROVEER RESOLUCIÓN EXPEDIDA POR OGPE APROBANDO SEGREGACIÓN, A PESAR DE QUE LA FINCA QUE SE PRETENDE INSCRIBIR NO ES UN PREDIO SEGREGADO DE UNA FINCA MATRIZ INSCRITA.
>
> 2. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE RECONSIDERACIÓN SOBRE PROVEER DECLARATORIA DE HEREDEROS Y RELEVO DE LA SUCESION LUZ BRACERO ALAMEDA, RELEVO DE CAUDAL RELICTO DE ANA SANABRIA Y

DE JORGE ALAMEDA, A PESAR DE QUE LA PARTE PETICIONARIA HA ADQUIRIDO EL DOMINIO DE LA PROPIEDAD MEDIATE LA USUCAPIÓN O PRESCRIPCIÓN ADQUISITIVA EXTRAORDINARIA.

II.

En "nuestra jurisdicción rige un sistema registral declarativo con eficacia confirmatoria". *DLJ Mortgage v. García Ramos*, 207 DPR 28, 43 (2021); véase, además, L.R. Rivera Rivera, *Derecho registral inmobiliario puertorriqueño*, 3ra ed. rev., San Juan, Jurídica Editores, 2012, págs. 32–33. El sistema registral declarativo "se distingue por la voluntariedad de la inscripción de los documentos, así como el requisito de que estos se califiquen antes de acceder al Registro de la Propiedad". *DLJ Mortgage*, 207 DPR a la pág. 43; Rivera Rivera, *op. cit.*, pág. 33.

Al adoptar el sistema declarativo se incorporaron en nuestra jurisdicción principios claves de derecho registral inmobiliario, tales como el principio del tracto sucesivo. *DLJ Mortgage*, 207 DPR a la pág. 43. Este principio requiere que "para [poder] inscribir documentos por los que se declaren, transmitan, graven, modifiquen, o extingan el dominio y demás derechos reales sobre bienes inmuebles, deberá constar previamente inscrito el derecho de la persona que otorgue o en cuyo nombre sean otorgados los actos o contratos referidos". Art. 17 de la Ley Núm. 210-2015, Ley del Registro de la Propiedad (Ley 210-215), 30 LPRA sec. 6032; *DLJ Mortgage*, 207 DPR a la pág. 43; *Bechara Fagundo v. Registradora*, 183 DPR 610, 619 (2011). De no cumplirse con este requisito medular, "se denegará la inscripción". Art. 17 de la Ley 210-2015, *ante*. Así pues, el principio de tracto sucesivo "tiene por objeto mantener el enlace o la conexión de las adquisiciones por el orden regular de los titulares registrales sucesivos, para formar una continuidad perfecta de todos los actos adquisitivos inscritos en

orden al tiempo". *Rigores v. Registrador*, 165 DPR 710, 726-727 (2005).

Claro está, cuando lo que se procura es la inmatriculación de una finca que no consta inscrita, "[l]a primera inscripción de cada finca será de dominio". Art. 21 de la Ley 210-2015, 30 LPRA sec. 6036. La inmatriculación es "el ingreso de una finca en el Registro de la Propiedad, acto que normalmente se efectúa mediante la primera inscripción de dominio a favor del inmatriculante". Rivera Rivera, *op. cit.*, pág. 338. A tal efecto, en aquellas situaciones en que el propietario carece de título inscribible de dominio, el Artículo 185 de la Ley 210-2015, 30 LPRA sec. 6291, provee el mecanismo necesario para que, mediante el procedimiento de expediente de dominio, se declare justificado, o no, el respectivo dominio sobre los bienes. Rivera Rivera, *op. cit.*, pág. 338; *Toro v. Registrador*, 25 DPR 472, 476 (1917).

Por su parte, en cuanto a los requisitos legales para la tramitación de un expediente de dominio, según constan en el Art. 185 de la Ley 210-2015, *supra*, estos "son esenciales y de cumplimiento estricto". *Ex parte Torres, Cabrera*, 2025 TSPR 5 a la pág. 14, 215 DPR ___ (2025) (citas omitidas); véase, además, *Nieves Osorio, Ex Parte*, 127 DPR 907, 909 (1991); *Álvarez Rivera v. El Registrador*, 84 DPR 229, 230 (1961); *Ex parte Rosario*, 75 DPR 698, 707 (1953). Lo anterior, debido al "alto interés público que encierran". Rivera Rivera, *op. cit.*, pág. 338.

De conformidad con lo dispuesto en el inciso (1) del Artículo 185 de la Ley 210-2015, *infra*, todo propietario que carezca de título inscribible de dominio, podrá inscribirlo si cumple con los siguientes requisitos:

> 1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se

presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente.  El escrito contendrá las siguientes alegaciones:

a. Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.

b. La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados.  De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán, además, describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.

c. Número de Catastro según aparece en el de Centro de Recaudación de Ingresos Municipales.

d. Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, no constan inscritas en el Registro de la Propiedad.

e. Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.

f. Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del anterior dueño inmediato.

g. El modo en que adquirió del inmediato anterior dueño.

h. El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.

i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva.[1] **Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente**

---

[1] El Artículo 788 del Código Civil de Puerto Rico de 2020 sustituyó los Artículos 1857 y 1859 del derogado Código Civil de 1930, 31 LPRA ant. secs. 5278 y 5280. En específico, el Artículo 788 establece lo siguiente en torno a la usucapión de un inmueble:

La usucapión de un bien inmueble exige la posesión durante diez (10) años con justo título y buena fe, o durante veinte (20) años sin necesidad de título ni buena fe. 31 LPRA sec. 8032.

**mediante plano de inscripción**. No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción proindivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.

j. El valor actual de la finca.

k. Las pruebas legales que se dispone presentar.

l. Las demás alegaciones que en derecho procedan en cada caso. (Énfasis provisto). 30 LPRA sec. 6291.

Como vemos, entre los requisitos que contempla el Artículo 185 de la Ley 210-2015, *supra*, se halla el que, si la finca para la cual se peticiona el expediente de dominio resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. *Ex parte Torres, Cabrera*, 2025 TSPR 5 a la pág. 17, citando el precitado Articulo 185 de la Ley 210-2015.

**Por otro lado, si la finca de procedencia no está inscrita, en el inciso (1)(d) solo se requiere que así se haga constar en la solicitud de expediente de dominio.** (Énfasis en el original). *Íd.* Es decir, cuando la solicitud de un expediente de dominio resulta ser una segregación de una finca que no consta inscrita, no es necesario presentar el permiso de segregación de la agencia correspondiente. Así se reconoció expresamente en *Ex parte Torres, Cabrera*, 2025 TSPR 5, a la pág. 23:

> [...] en aquellos casos en que la finca para la cual se solicita un expediente de dominio mediante el Artículo 185 de la Ley del Registro de la Propiedad, supra, **resulta ser una segregación de una finca de mayor cabida que no está inscrita, no es necesario presentar ante el Tribunal de Primera Instancia la aprobación de tal segregación por parte de la agencia gubernamental encargada de ello. En estas situaciones no se debe considerar a la finca sobre la cual se reclama dominio como una segregación de un predio de mayor cabida, sino como una finca independiente de la cual se solicita un expediente de dominio**. (Énfasis provisto).

III.

Concluimos que erró el TPI al requerirle a la Peticionaria presentar el permiso de segregación de la OGPe.  Según arriba expuesto, la norma es que la presentación de un permiso de segregación no se requiere cuando se trata de una propiedad que proviene de una finca que no consta inscrita en el Registro de la Propiedad.  Es decir, en este contexto, "basta la mención de la no inscripción de esa finca matriz".  *Ex parte Torres, Cabrera* 2025 TSPR 5, a la pág. 24.

Por otra parte, también erró el TPI al requerir documentos relacionados con la herencia del Suegro, la Suegra y la Vecina.  En primer lugar, la ley no requiere la presentación de estos documentos.  Más aún, el TPI no explicó, ni podemos advertir, la pertinencia de los mismos en este contexto, particularmente cuando el modo de adquisición aquí alegado es la usucapión.  De todas maneras, subrayamos que la ley requiere la citación de colindantes, el inmediato anterior dueño de la Propiedad (o sus herederos), así como de cualquier persona a quien pueda perjudicar la inscripción solicitada.  30 LPRA sec. 6291.  En cualquier caso, de ordinario, la inscripción del dominio solicitado no afecta cualquier derecho real sobre la Propiedad que pueda tener un tercero.

IV.

Por los fundamentos antes expresados, se expide el auto de *certiorari,* se revoca el dictamen recurrido y se devuelve el caso al Tribunal de Primera Instancia para trámites ulteriores compatibles con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones