LOS HERMANOS LIDIA INOCENCIA, NORMA ELOTIS, OLGA ZEL-
MIRA y ORLANDO ÁLVAREZ RIVERA, recurrentes, *v.* EL
REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

*Número:* 1383   *Resuelto:* 20 de diciembre de 1961

*José R. Gelpí,* abogado de los recurrentes.   *El Registrador* recu-
rrido compareció por escrito.

### RESOLUCIÓN

Presentada para inscripción la resolución que decretó
acreditado el dominio a favor de los recurrentes sobre un
predio rústico de 4.07 cuerdas sito en el barrio Plata de Lajas,
el Registrador la denegó por "no haberse acreditado que se
citara al anterior dueño de quien adquirió la finca el causante
inmediato anterior dueño Emilio Alvarez Mercado." La
información de dominio había sido promovida por algunos de
los herederos de dicho causante.   Surge que se nombraron y
se citó debidamente a todos los herederos.

En *Ex parte Rosario,* 75 D.P.R. 698, 706–708 (1953)
ratificamos la doctrina tantas veces expuesta de que los

requisitos establecidos por el artículo 395 de la Ley Hipotecaria, 30 L.P.R.A. sec. 737, para la tramitación de un expediente de dominio son esenciales y de cumplimiento estricto. Dijimos además que la citación del dueño anterior afecta el orden y el interés público. Ello es así porque rodea de cierta garantía de autenticidad las pretensiones del promovente. Ya desde 1935, en *Morales vda. Fernández* v. *Registrador*, 48 D.P.R. 674, 676, habíamos sancionado lo que el registrador recurrido sostiene en el presente recurso, o sea, que cuando la información de dominio se insta por el heredero en relación con una finca adquirida por herencia, "debe citarse a los vendedores del causante y además a los condueños de la herencia, en su carácter de copartícipes estos últimos, y no como anteriores dueños." Justificamos tal posición por el fundamento de que siendo los herederos los continuadores de la personalidad del causante no puede esta "disdoblarse" para obviar o evadir la citación del dueño anterior. En otras palabras, debe citarse a ambos, sin que baste la citación única de los herederos o del dueño anterior al causante. Si adoptáramos la solución propuesta por la parte recurrente—la citación de los herederos solamente—nos encontraríamos ante la anomalía de que en caso de que todos los herederos figuraran como promoventes no habría necesidad de citar a persona alguna en el carácter de dueño anterior. Véase, además, Galindo y Escosura, Comentarios a la Legislación Hipotecaria de España y Ultramar, 3a. ed. (1896), tomo IV, pág. 785; cf. *Rivero et al.* v. *Hernández et al.*, 18 D.P.R. 1042, 1045 (1912). Cualquier manifestación en contrario a lo aquí resuelto contenida en la opinión emitida en *Calderón et al.* v. *García*, 14 D.P.R. 420 (1908); especialmente a la página 430, debe entenderse revocada, así como en *Febre* v. *Febre*, 40 D.P.R. 219, 225 (1929).

*Se confirma la nota denegatoria del Registrador de la Propiedad de San Germán de 25 de abril de 1960.*

Así lo resolvió y manda el Tribunal y firma el Sr. Juez Presidente.   El Juez Asociado señor Serrano Geyls no intervino.

LUIS NEGRÓN FERNÁNDEZ,
*Juez Presidente.*

Certifico:

IGNACIO RIVERA,
*Secretario.*