Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| WILLIAM MARTÍNEZ JIMÉNEZ <br><br> Apelante <br><br><br> EX PARTE | KLAN202400248 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez <br><br> Caso Núm. MZ2022CV00112 <br><br> Sobre: Expediente de Dominio |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 25 de abril de 2024.

## I.

El 14 de marzo de 2024, el señor William Martínez Jiménez (señor Martínez Jiménez o apelante) presentó una *Apelación* en la que solicitó que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario), el 10 de octubre de 2023, notificada y archivada en autos el 16 de octubre de 2023.[1] En el dictamen, el TPI desestimó una *Petición Enmendada* de expediente de dominio promovida por el señor Martínez Jiménez por incumplimiento con los requisitos de notificación establecidos en el Artículo 185 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Ley Núm. 210 de 2015, según enmendada (Ley del Registro de la Propiedad), 30 LPRA sec. 6291.

El 19 de marzo de 2024, emitimos una *Resolución* en la que le concedimos a las partes colindantes del predio en controversia y a

---

[1] Apéndice de la *Apelación*, Anejo 22, págs. 87-92.

las partes con interés hasta el 15 de abril de 2024 para presentar su alegato en oposición.

Transcurrido el término concedido a las partes colindantes y partes con interés para radicar sus alegatos en oposición sin que lo hicieran, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales atinentes a la *Apelación* de epígrafe.

**II.**

El caso de marras tuvo su génesis el 28 de enero de 2022 cuando el señor Martínez Jiménez radicó ante el TPI una *Petición* de expediente de dominio en la que solicitó la inmatriculación de una finca radicada en el Municipio de Cabo Rojo, la acreditación de su dominio sobre ella y la correspondiente inscripción de esta en el Registro de la Propiedad.[2] En ella, describió la finca, la cual no constaba inscrita en el Registro de la Propiedad, de la siguiente manera:

> RÚSTICA: Predio de terreno (no identificado) radicado en el Barrio Pedernales del Municipio de Cabo Rojo, Puerto Rico, con una cabida de TRESCIENTOS DOS METROS CUADRADOS Y SIETE MIL DOSCIENTAS VEINTICINCO DIEZ MILÉSIMAS DE OTRO (302.7225 M.C.) equivalentes a CERO PUNTO SETECIENTAS SETENTA MILÉSIMAS DE CUERDA (0.0770 cda.). Colinda por el Norte, en dieciséis metros y treinta y siete centésimas de otro (16.37 m.), con Calle de Uso Público y Luis Santiago; por el Sur, en diecisiete metros y treinta y dos centésimas de otro (17.32 m.), con Gerardo Toro, por el Este, en diecisiete metros y sesenta y cinco centésimas de otro (17.65 m) con Ramonita Acosta y por el Oeste, en dieciocho metros cincuenta y dos centésimas de otro (18.52 m) con Calle Carlos Martínez.[3]

Además, esbozó el siguiente tracto de dueños sobre el inmueble: (1) en 2019, adquirió el inmueble mediante contrato verbal con el señor Carlos Martínez Santiago (señor Martínez Santiago), su abuelo; (2) en 2002, el señor Martínez Santiago adquirió el predio mediante un contrato verbal con el señor Juan Román Rodríguez (señor Román Rodríguez) y su esposa, la señora Gracia Molina de Román; y (3) en

---

[2] Íd., Anejo 1, págs. 1-6; Anejo 2, págs. 7-11.
[3] Íd., pág. 2.

1975, el señor Román Rodríguez y su esposa compraron el inmueble mediante un contrato privado, titulado *Venta de solar*, suscrito con el señor Radamés Torres Padilla y su esposa, la señora Blanca Rosario. Según la *Petición*, el señor Román Rodríguez y su esposa son vecinos del estado de la Florida. En adición, el apelante acompañó el escrito con su juramento, el contrato privado, múltiples proyectos de citación y edicto, el plano de mensura y la certificación de mensura.

El 23 de marzo de 2022, el señor Martínez Jiménez radicó una *Moción en solicitud de expedición de órdenes, citaciones y edicto* en la que anejó nuevamente los proyectos de orden, citación y edicto para notificar el recurso a las distintas partes según requiere el Artículo 185 de la Ley del Registro de la Propiedad, *supra*.[4] Como el TPI no había ordenado dichas notificaciones, reiteró su solicitud de que las emitiera.

El 6 de mayo de 2022, el TPI emitió una *Resolución* en la que concedió un término al apelante para que enmendara la *Petición* para adecuar la descripción de la propiedad según algunas segregaciones realizadas respecto a otro predio.[5] Según consignó, luego de enmendarse el recurso, expediría las citaciones y el edicto.

El 17 de mayo de 2022, el foro primario emitió una *Orden* en la que le concedió un término al apelante para realizar otras gestiones relacionadas al recurso.[6]

El 8 de septiembre de 2022, el señor Martínez Jiménez presentó una *Petición Enmendada*,[7] así como una *Moción en cumplimiento de orden*,[8] en aras de cumplir con lo ordenado por el foro primario.

---

[4] Íd., Anejo 3, págs. 12-13.
[5] Notificada y archivada digitalmente en autos el 23 de mayo de 2022. Íd., Anejo 4, pág. 14.
[6] Notificada y archivada digitalmente en autos el 23 de mayo de 2022. Íd., Anejo 5, pág. 15.
[7] Íd., Anejo 6, págs. 16-21.
[8] Íd., Anejo 7, págs. 22-23.

El 23 de noviembre de 2022, el TPI emitió una *Resolución* en la que señaló vista de conferencia especial para el 6 de febrero de 2023 para evaluar el cumplimento con su orden de obtener ciertas certificaciones registrales.[9]

El 5 de diciembre de 2022, el TPI emitió una *Orden* en la que ordenó la citación personal o por correo certificado del Fiscal de Distrito, del Secretario de Transportación y Obras Públicas, del alcalde del Municipio de Cabo Rojo y de las personas en posesión de las fincas colindantes.[10] También, ordenó la citación personal de los dueños anteriores o sus herederos, si son conocidos; si no lo eran, la citación por edictos. Además, consignó que las personas que tuviesen algún derecho real sobre la finca debían ser citadas personalmente y las personas ignoradas o desconocidas que pudieran ser perjudicadas por la inscripción, por edicto.

El 22 de diciembre de 2022, fueron emitidos los edictos y las citaciones ordenadas por el foro primario.[11]

El 6 de febrero de 2023, se celebró la vista de conferencia especial señalada, cuyas incidencias quedaron transcritas el 8 de febrero de 2023 en una *Minuta.*[12] El TPI señaló una vista de juicio en su fondo para el 1 de mayo de 2023.

El 15 de marzo de 2023, el señor Martínez Jiménez radicó una *Moción completando el expediente, consignando cumplimiento de citaciones, edictos, endosos y certificaciones registrales* en la que consignó que cumplió con las citaciones, edictos, endosos y certificaciones registrales requeridas.[13]

---

[9] Notificada y archivada digitalmente en autos el 30 de noviembre de 2022. Íd., Anejo 9, pág. 39.

[10] Notificada y archivada digitalmente en autos el 5 de diciembre de 2022. Íd., Anejo 10, págs. 40-41.

[11] Este hecho procesal surge de las entradas Núm. 10-16 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[12] Apéndice de la *Apelación*, Anejo 11, pág. 42.

[13] Íd., Anejo 12, págs. 43-58.

El 1 de mayo de 2023, se celebró el juicio en su fondo, cuyas incidencias quedaron consignadas en una *Minuta*, transcrita el 4 de mayo de 2023.[14] En ella, se consignó, *inter alia*, lo siguiente:

> El Tribunal hace constar que en el plano catastral aparece una edificación sobre la propiedad y que está registrado a nombre de Juan Román Rodríguez.
>
> El licenciado Ríos aclara, que en ocasiones el catastro digital tiene atraso de años y que, cuando el peticionario adquirió la propiedad la edificación ya no estaba. Expresa, que el CRIM no autoriza hacer un cambio de dueño sin tener un documento oficial, por lo que la certificación saldrá a nombre de otra persona, aunque el peticionario la esté pagando.
>
> [...]
>
> El Tribunal concede 10 días al licenciado Ríos para someter la certificación del estado de cuenta del CRIM y el proyecto de resolución.[15]

El 15 de mayo de 2023, el apelante presentó una *Moción sometiendo estado de cuenta* en la que sometió un *Estado de cuenta* sobre la propiedad objeto de la *Petición Enmendada* emitido por el Centro de Recaudación de Ingresos Municipales (CRIM).[16] Según el documento, el nombre del dueño de la propiedad es Juan Román Rodríguez y la propiedad no adeudaba cantidad alguna.

El 26 de junio de 2023, el TPI emitió una *Orden* en la que ordenó al apelante a presentar certificaciones registrales y folios digitalizados de la Finca 1013 inscrita al Folio 9293.[17] Para hacerlo, le concedió un término de treinta (30) días.

El 27 de septiembre de 2023, el señor Martínez Jiménez radicó una *Moción en cumplimiento de orden* en la que sometió las certificaciones y folios digitalizados requeridos por el foro primario.[18] Asimismo, expresó que la finca cuya documentación fue solicitada radica lejos de la propiedad objeto de la *Petición Enmendada*.

---

[14] Íd., Anejo 15, pág. 61-64.
[15] Íd., págs. 61-62.
[16] Íd., Anejo 16, pág. 65-67.
[17] Notificada y archivada digitalmente en autos el 6 de julio de 2023. Íd., Anejo 19, pág. 75.
[18] Íd., Anejo 20, págs. 76-85.

El 10 de octubre de 2022, el TPI emitió una *Orden* en la que dio por cumplida su orden del 26 de junio de 2023.[19]

Ese mismo día, el TPI emitió la *Sentencia* recurrida en la que desestimó la *Petición Enmendada* tras resolver que el señor Martínez Jiménez debía notificar personalmente al señor Román Rodríguez sobre la acción de expediente de dominio.[20] Según razonó el foro primario, el señor Román Rodríguez es una persona a quien pudiera perjudicarle la inscripción solicitada como anterior dueño o dueño catastral del inmueble, posibilidad que derivó de su aparición como dueño en el *Estado de cuenta* emitido por el CRIM. Concretamente, resolvió lo siguiente:

> En este caso, la parte peticionaria es una persona distinta al dueño catastral en los registros del CRIM, a saber, don Juan Román Rodríguez. Asimismo, don Juan Román Rodríguez es uno de los más inmediatos dueños anteriores a la luz de la prueba testifical y documental ofrecida. Tomando en cuenta que la información en cuanto al negocio jurídico verbal que don Carlos Martínez Santiago alegó y declaró haber realizado con don Juan Román Rodríguez, es una general e imprecisa, el Tribunal considera que don Juan Román Rodríguez es una persona a quien pudiera perjudicarle la inscripción solicitada, como anterior dueño y como dueño catastral del inmueble. Por lo que la parte peticionaria debía notificarle de este caso con, copia de la Petición enmendada, a don Juan Román Rodríguez sobre la presente acción de expediente de dominio. Dicha notificación debía efectuarse, mediante notificación con copia de la petición por correo certificado con acuse de recibo, o mediante un edicto dirigido a éste y a su esposa, de manera particular y prominente para garantizarle al menos la oportunidad de que conozca de este expediente de dominio y de comparecer a los procedimientos para exponer cómo, si de alguna forma, pudiera perjudicarle la inscripción solicitada por el peticionario.
>
> La prueba sobre el cumplimiento con los requisitos de notificación aportada por la parte peticionaria no incluye evidencia de notificación alguna dirigida don Juan Román Rodríguez como dueño catastral y como uno de los dueños anteriores de quien el alegado inmediato anterior dueño adquirió mediante negocio verbal la propiedad. No surge evidencia alguna de que una citación con copia de la Petición enmendada que hubiese sido notificada mediante correo certificado con acuse de recibo, tampoco surge evidencia de notificación mediante edicto dirigido claramente a nombre de Juan Román Rodríguez para notificarle de este procedimiento de manera que contara con el término dispuesto en la Ley 210-2015, según enmendada, para comparecer.

---

[19] Notificada y archivada digitalmente en autos el 16 de octubre de 2023. Íd., Anejo 21, pág. 86.

[20] Notificada y archivada digitalmente en autos el 16 de octubre de 2023. Íd., Anejo 22, págs. 87-92.

> Por todo lo antes expuesto, habiendo evaluado el expediente y aquilatado la prueba presentada, amparado en el derecho antes discutido el Tribunal Dicta Sentencia desestimando la Petición de Expediente de Dominio Enmendada, por no haber cumplido la parte peticionaria con los requisitos de notificación establecidos en el Artículo 185 de la Ley 210-2015, los cuales son de estricto cumplimiento.[21]

El 25 de octubre de 2023, el señor Martínez Jiménez presentó una *Moción urgente en solicitud de reconsideración* en la que solicitó al foro primario que dejara sin efecto su determinación.[22] Acompañó su solicitud de proyectos de orden, citación personal y por edicto del señor Román Rodríguez.

El 16 de febrero de 2024, el TPI emitió una *Orden* en la que declaró No Ha Lugar la reconsideración solicitada por el apelante.[23]

Inconforme con tal determinación, el 14 de marzo de 2024, el señor Martínez Jiménez radicó el recurso de epígrafe y le imputó al TPI la comisión de los siguientes errores:

> Primer Error: Erró el Tribunal de Instancia, Sala Superior de Mayagüez al desestimar la Petición Enmendada sobre Expediente de Dominio, basándose en que la parte peticionaria no haber cumplido con los requisitos de notificación establecidos en el Artículo 185 de la Ley 210-2015.

> Segundo error: Erró el Tribunal de Instancia, Sala Superior de Mayagüez al desestimar la Petición Enmendada sobre Expediente de Dominio, sosteniendo su apreciación en que se debió citar a un anterior titular que a[ú]n figura como contribuyente ante el Centro de Recaudación de Ingresos Municipales (CRIM) para el pago de las contribuciones territoriales, aludiendo que ello representa un derecho real.

Es su posición que el Artículo 185 de la Ley del Registro de la Propiedad, *supra*, no requiere que el peticionario notifique a quien aparezca como contribuyente catastral en el CRIM, lo cual no constituye un derecho real. Además, planteó que era un asunto interlocutorio que el TPI podía atender mediante una orden. Según esbozó, todas las formalidades para justificar el dominio fueron cumplidas cabalmente, incluidos los requisitos de notificación.

---

[21] Íd., págs. 91-92.
[22] Íd., Anejo 23, págs. 93-96.
[23] Notificada y archivada digitalmente en autos el 22 de febrero de 2024. Íd., Anejo 24, pág. 97.

Asimismo, adujo que el Catastro del CRIM no es un registro certero, exacto y fiable que no constituye derechos reales y que sirve propósitos distintos al Registro de la Propiedad.

**III.**

El expediente de dominio es el procedimiento judicial especial *ex parte* provisto por la Ley del Registro de la Propiedad, *supra*, secs. 6001 *et seq*, que permite que toda persona que no ostente el título inscribible de dominio de una finca pueda inscribirlo, cumpliendo con ciertos requisitos. De esta forma, este procedimiento también faculta la inmatriculación de una finca – es decir, su ingreso por primera vez – al Registro de la Propiedad cuando su propietario no tiene un título de dominio inscribible. En la Ley del Registro de la Propiedad, *supra*, los Artículos 185 al 192, *supra* secs. 6291-6298, reglamentan el procedimiento de expediente de dominio.

En lo pertinente, el Artículo 185 de la Ley del Registro de la Propiedad, *supra*, establece los requisitos de contenido de la petición y notificación del procedimiento de expediente de dominio. Entre otras cosas, el referido Artículo obliga al promovente del expediente de dominio a radicar un escrito jurado en el que alegue: (1) una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño; (2) el modo en que adquirió del inmediato anterior dueño; y (3) el tiempo que el promovente y los dueños anteriores han poseído la propiedad de forma pacífica, continua y a título de dueños. Íd.

Entretanto, el inciso (2) del Artículo 185 de la Ley del Registro de la Propiedad, *supra*, dispone los siguientes requisitos de notificación:

> 2. El promovente <u>notificará personalmente</u> o por correo certificado con copia de su escrito a los siguientes:
>     a. Alcalde del municipio en que radiquen los bienes.
>     b. Secretario de Transportación y Obras Públicas.
>     c. Fiscal de Distrito.
>     d. <u>Las personas que están en la posesión de las fincas colindantes.</u>
> El tribunal ordenará la <u>citación personal</u> de los siguientes:

a. El inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.
b. Los que tengan cualquier derecho real sobre la finca objeto del procedimiento.

El tribunal ordenará la citación mediante edicto de los siguientes:

a. Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.
b. Los que están ausentes pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto. (Subrayado nuestro).

Por su parte, a través del tiempo, nuestro Tribunal Supremo ha interpretado que los requisitos establecidos por la Ley del Registro de la Propiedad para la tramitación de un expediente de dominio son esenciales y de cumplimiento estricto. ***Nieves Osorio, Ex parte,*** 127 DPR 907, 909 (1991); ***Álvarez Rivera v. Registrador,*** 84 DPR 229, 229-230 (1961); ***Rosario Andino, Ex parte,*** 75 DPR 698, 707 (1953). Además, ha reiterado que la citación del anterior dueño es un asunto que afecta el orden y el interés público, puesto que reviste las intenciones del promovente de la acción de ciertas garantías de autenticidad. ***Álvarez Rivera v. Registrador,*** *supra* pág. 230.

**IV.**

El recurso de epígrafe nos presenta la oportunidad de resolver si procede la desestimación de una *Petición Enmendada* de expediente de dominio bajo el fundamento de incumplimiento con los requisitos de notificación del Artículo 185 de la Ley del Registro de la Propiedad, *supra,* cuando el apelante no notificó personalmente a un dueño anterior remoto – es decir, que no es el dueño inmediatamente anterior del predio cuya inscripción se pretende – pero que aparece como dueño catastral del bien en un *Estado de Cuenta* emitido por el CRIM.

En la *Sentencia* recurrida, el TPI resolvió que la desestimación procedía porque el señor Román Rodríguez era una persona a quien pudiera perjudicarle la inscripción solicitada como anterior dueño o dueño catastral del inmueble. Según razonó, esa posible relación con la propiedad surge del *Estado de cuenta* emitido por el CRIM en el que aparece como dueño. En adición a que, según razonó, el testimonio del señor Martínez Santiago, abuelo del apelante y alegado dueño anterior inmediato de la propiedad, sobre cómo adquirió la propiedad del señor Román Rodríguez era general e impreciso. Por ello, resolvió que la notificación a dicho individuo debió efectuarse y, ante ausencia de evidencia de que se realizó el trámite, concluyó que procedía desestimar la causa por incumplimiento de los requisitos del Artículo 185 de la Ley del Registro de la Propiedad, *supra*.

Por su parte, el apelante argumenta que el TPI erró al desestimar la acción porque el Artículo 185 de la Ley del Registro de la Propiedad, *supra*, no requiere que notifique personalmente al señor Román Rodríguez, quien únicamente aparece relacionado a la propiedad como contribuyente catastral por un *Estado de cuenta* emitido por el CRIM, no constituyendo eso un derecho real que obligue a su citación personal. En cambio, sostiene que el peso de ordenar la citación del señor Román Rodríguez recae sobre el TPI como un asunto interlocutorio de fácil disposición.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resulta evidente que el foro primario incidió en los errores señalados. No procedía la drástica determinación de la desestimación de la causa, toda vez que no se incumplió con los requisitos de notificación que establece el Artículo 185 de la Ley del Registro de la Propiedad, *supra*.

Por un lado, el referido Artículo requiere que el **promovente notifique personalmente o por correo certificado** a las personas

que están en posesión de las fincas colindantes, al alcalde del Municipio en el que radiquen los bienes, al Secretario de Transportación y Obras Públicas y al Fiscal de Distrito.

Por el otro, requiere que el **foro primario <u>ordene</u>**: (1) la **citación personal** del inmediato anterior dueño o sus herederos, si son conocidos y la transmisión no consta en escritura pública; (2) la **citación personal** de las personas que tengan algún derecho real sobre la finca objeto del expediente de dominio; (3) la **citación mediante edicto** de las personas ignoradas o desconocidas que podrían ser perjudicadas por la inscripción solicitada; y (4) la **citación mediante edicto** de las personas ausentes, cuyo paradero se desconoce.

De este modo, los requisitos de notificación personal son claros, así como las instancias en las que el TPI ordenará citaciones personales y mediante edicto, a petición de parte. De ordinario, no es requerida la citación de un dueño anterior remoto, aún cuando aparezca como dueño catastral del bien en un *Estado de Cuenta* emitido por el CRIM. Ahora bien, si el TPI entendía una vez escuchada y evaluada la prueba, como hizo en este caso de forma diligente, que el señor Román Rodríguez podía poseer algún derecho real sobre la finca o ser un inmediato anterior dueño, no procedía la desestimación automática de la *Petición Enmendada*, toda vez que el promovente no tenía la obligación de citar personalmente a esa persona hasta ese momento. Menos cuando el foro primario llegó a dicha conclusión en la misma *Sentencia* que resolvió lo contrario y que desestimó el caso. Ello sin darle la oportunidad al señor Martínez Jiménez de solicitar la citación del señor Román Rodríguez. Como cuestión de hecho, el apelante solicitó la citación de dicho individuo en su *Moción urgente en solicitud de reconsideración*, sometiendo junto a ella proyectos de orden y citación personal o por

edicto. Recordemos, además, que estos requisitos son de cumplimiento estricto en su naturaleza.

Visto de este modo, analizado el expediente, resulta preciso concluir que el apelante ha cumplido cabalmente con los requisitos del Artículo 185 de la Ley del Registro de la Propiedad, *supra*, y las órdenes del foro primario. El TPI erró al no permitirle oportunidad al apelante de solicitar la citación personal del señor Román Rodríguez. Hasta el momento en que se emitió la *Sentencia* recurrida el apelante no tenía la obligación de pedir la citación de dicho individuo, puesto que operó bajo la creencia de que cumplió con las citaciones necesarias según el Artículo 185 de la Ley del Registro de la Propiedad, *supra*, ni tampoco conocía de la preocupación doctrinal del foro recurrido. Sería injusto, impropio y un abuso de discreción aplicarle la más drástica de las opciones sin darle la oportunidad de atender una conclusión a la que llegó el TPI en su *Sentencia,* en última instancia.

Por lo que procede que el TPI ordene la citación del señor Román Rodríguez y que se cumpla con el debido proceso de ley que asiste al apelante. Así, se pueda resolver conforme a derecho.

**V.**

Por los fundamentos pormenorizados, se *revoca* la *Sentencia* recurrida. Se devuelve el caso al foro de origen para la citación del señor Román Rodríguez y la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones