ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| CASSANDRA PÉREZ<br><br>Apelante<br><br>v.<br><br>Ex parte | KLAN202400734 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Número:<br>AG2024CV00727<br><br>Sobre: Expediente de Dominio |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 24 de septiembre de 2024.

Comparece Cassandra Pérez t/c/c Cassandra Pérez Cordero (Sra. Pérez o apelante) y solicita la revocación de la *Sentencia* notificada el 5 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI o foro primario). En esta, el foro primario declaró no ha lugar una petición de expediente de dominio, con perjuicio.

Por los fundamentos que exponemos a continuación, revocamos el dictamen apelado. Veamos.

### I.

El 7 de mayo de 2024, la Sra. Pérez instó un escrito intitulado "Solicitud" mediante la cual suplicó al foro primario que declarara su justificado dominio y ordenara la inscripción en el Registro de la Propiedad del siguiente inmueble:

> RÚSTICA: Solar descrito en el plano de parcelación como solar número cuatro (4) radicado en el Barrio Pintas del término municipal de Rincón, Puerto Rico, con una cabida de mil novecientos quince punto tres mil quinientos setenta y nueve metros cuadrados (1,915.3579 M/C). En lindes al NORTE, con solar número cin[c]o (5) por el SUR con solar número tres (3), por el ESTE con zanja pluvial y Radames Tirado Bonet y por el OESTE con camino de uso público.

Número Identificador

SEN2024_____

Con particularidad, informó que, la propiedad descrita surgió por la segregación de una finca matriz. De sus alegaciones se desprende que, la Sra. Pérez adquirió la propiedad del Sr. José Luis Bonet Cuevas, mayor de edad, soltero, propietario y vecino de Rincón, Puerto Rico, mediante *Escritura Número 2* sobre compraventa, otorgada el 13 de enero de 2023 ante el abogado y notario Omar Bonet Tirado. A su vez, el Sr. José Luis Bonet Cuevas, adquirió dicho inmueble del Sr. Roberto Muñiz Sánchez, mediante compraventa, según la *Escritura Número 97,* otorgada el 9 de diciembre de 2022, ante el abogado y notario Omar Bonet Tirado. Por último, el Sr. Roberto Muñiz Sánchez, adquirió el referido inmueble del Sr. William Muñiz Cardona, mediante la *Escritura Número 5* sobre segregación y ratificación de compraventa, otorgada el 2 de septiembre de 2022, ante el abogado y notario Rogelio Bonet Aybar. Según las alegaciones, la finca matriz se encuentra inscrita bajo el número 4468 en el Registro de la Propiedad de Rincón.

Sostuvo que, ella y los anteriores dueños, han ocupado la propiedad por cuarenta (40) años, respectivamente, en concepto de dueño de forma ininterrumpida, con o sin justo título y de buena fe. Junto a su petición presentó su declaración jurada, copias de las referidas escrituras, así como una certificación de valores contributivos del Centro de Recaudación de Ingresos Municipales del 23 de abril de 2024 y una copia de una certificación de propiedad inmueble emitida por el Registro Inmobiliario Digital del Estado Libre Asociado de Puerto Rico fechado el 2 de mayo de 2024. También, surge de los documentos unidos a la referida petición, una autorización de plano de inscripción, referente a la segregación de tres predios, emitida por la Oficina de Gerencia de Permisos (OGPe) el 10 de junio de 2011 junto a la declaración jurada suscrita el 18 de marzo de 2024 del agrimensor, Eddie N. García Vega.

Examinada la petición junto a los anejos, el TPI ordenó a la Sra. Pérez mostrar causa por la cual no procedía la desestimación de la causa, toda vez que, la finca matriz de la cual proviene la finca, objeto de la petición, se encuentra inscrita en el Registro de la Propiedad. Lo antes, conforme la Ley 210 de 8 de diciembre de 2015, según enmendada, 30 LPRA Sec. 6001-6561, conocida como la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico (Ley 210-2015).

En cumplimiento, la Sra. Pérez compareció y expuso que, la finca matriz fue segregada en varias fincas y una de ellas es la que adquirió. Sin embargo, el (la) Registrador(a) de la Propiedad denegó la solicitud de inscripción. Lo antes, debido a que, los documentos que reflejaban el tracto registral fueron retirados ante incongruencias de cabidas y faltas notariales sin corregir. Reiteró su súplica al entender que, la inscripción registral es voluntaria, que el Registro de la Propiedad no da ni quita derechos, que ella ostenta la posesión del inmueble, por lo que, procede que se reconozca su dominio y justo título sobre el inmueble en controversia.

Evaluado lo anterior, el foro primario declaró no ha lugar la petición instada. Concluyó que, la propiedad se encuentra inscrita a favor del Sr. William Múñiz Cordero, por lo que, a su entender, la emisión de una resolución a favor de la apelante equivaldría ordenar al registrador inmatricular el bien inmueble que, ya se encuentra inmatriculado, en contravención a lo dispuesto en el Art. 185 de la Ley 210-2015, 30 LPRA sec. 6291.

Oportunamente, la Sra. Pérez solicitó reconsideración, la cual fue denegada por el TPI mediante orden notificada en autos el 8 de julio de 2024.

Aun inconforme, la Sra. Pérez acude ante esta Curia y señala que:

Erró el TPI al entender que la emisión de una Resolución a favor de la Peticionaria equivaldría ordenar al Registrador a

inscribir un bien inmueble que ya se encuentra inmatriculado.

**II.**

**A. Expediente de dominio**

Todo propietario que carezca de título inscribible de dominio, podrá inscribirlo si cumple con los requisitos establecidos en la Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico, *supra*. El procedimiento de expediente de dominio se refiere a un trámite judicial **ex parte que no declara derechos, sino que justifica el dominio del promovente.** *Rodríguez v. Registrador,* 75 DPR 712 (1953) (Énfasis nuestro). De esta forma, este procedimiento también faculta la inmatriculación de una finca – es decir, su ingreso por primera vez – al Registro de la Propiedad cuando su propietario no tiene un título de dominio inscribible.  Por lo tanto, la resolución aprobatoria de un expediente de dominio no constituye cosa juzgada y no impide un ataque posterior a la resolución por quienes no hayan litigado sobre dicho asunto. *Rodríguez v. Registrador,* supra.

Cónsono con lo anterior, el Artículo 185 de la Ley Núm. 210–2015, *supra,* establece los requisitos de contenido de la petición y notificación del procedimiento de expediente de dominio. El referido Artículo dispone, entre otras cosas, lo siguiente:

> [...]
>
> 1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la que aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito contendrá las siguientes alegaciones:
>
>> a. Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.
>>
>> b. La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán, además, describirse individualmente las fincas que la integraron, y si fue

por segregación se describirá la finca principal de la cual se separó.

c. Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.

d. Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, no constan inscritas en el Registro de la Propiedad.

e. Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.

f. Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.

g. El modo en que adquirió del inmediato anterior dueño.

h. El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.

i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción proindivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro. (Énfasis nuestro).

j. El valor actual de la finca.

k. Las pruebas legales que se dispone a presentar.

l. Las demás alegaciones que en derecho procedan en cada caso.

Atinente al recurso ante nos, es preciso exponer que, una vez se corrobore lo anterior, el foro primario deberá autorizar la continuación de los procesos estatuidos sobre notificación a ciertas partes. A esos efectos, el inciso (2) del Artículo 185 de la Ley Núm. 210–2015, *supra*, dispone los siguientes requisitos de notificación:

2. El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:

a. Alcalde del municipio en que radiquen los bienes.

b. Secretario de Transportación y Obras Públicas.

c. Fiscal de Distrito.

d. Las personas que están en la posesión de las fincas colindantes.

El tribunal ordenará la citación personal de los siguientes:

a. El inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.

b. Los que tengan cualquier derecho real sobre la finca objeto del procedimiento.

El tribunal ordenará la citación mediante edicto de los siguientes:

a. Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.

b. Los que están ausentes, pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.

[…]

Por otro lado, el Tribunal Supremo ha interpretado que los requisitos establecidos por la Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico, *supra,* para la tramitación de un expediente de dominio son esenciales y de cumplimiento estricto. *Nieves Osorio, Ex parte,* 127 DPR 907, 909 (1991) citando a *Álvarez Rivera v. Registrador,* 84 DPR 229, 230 (1961).

Establecido lo anterior, el Art. 187 de la Ley Núm. 210–2015, 30 LPRA sec. 6293, y a petición del promovente, el Tribunal celebrará una vista para atender las alegaciones en torno a la solicitud de expediente de dominio, así como la prueba en apoyo de éstas, la cual podrá presentar la parte promovente de no haber oposición. Así, "[e]l tribunal, en vista de lo alegado por el promovente y los demás interesados, y evaluando las pruebas presentadas, declarará sin más trámites si está justificado el dominio sobre los bienes objetos del procedimiento." Íd.

De otra parte, el Artículo 191 de la Ley Núm. 210-2015, Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado

de Puerto Rico, 30 LPRA sec. 6297, dispone que "[e]l expediente de dominio se utilizará **para justificar el dominio y no equivale a una acción declaratoria de usucapión**". (Énfasis nuestro).

### III.

La apelante sostiene que, el foro primario incidió al declarar No Ha Lugar la solicitud de expediente de dominio por el fundamento de que la propiedad se encontraba inscrita a favor del Sr. William Muñiz Cardona. Particularmente alega que, erró el TPI al determinar que una resolución a favor de la apelante equivaldría a ordenarle al registrador a inmatricular un inmueble que ya se encuentra inscrito.

Luego de una evaluación sosegada del recurso, junto a los documentos que obran en el apéndice, así como el derecho aplicable, concluimos que, el foro primario cometió el error señalado. Nos explicamos.

Conforme surge del expediente ante nos, la Sra. Pérez instó una petición de expediente de dominio sobre una finca que adquirió mediante escritura de compraventa.[1] En su solicitud, la apelante incluyó su declaración jurada, una certificación del CRIM, la certificación registral, tres escrituras (dos sobre compraventa y una sobre segregación y compraventa), la autorización del plano de inscripción emitida por la OGPe, el plano de mensura y la declaración jurada del agrimensor.[2] En cumplimiento con la orden para mostrar causa emitida por el TPI, la apelante destacó que, la finca matriz fue segregada en varias fincas y una de ellas fue adquirida por ella. Por no haber logrado la inscripción a su favor en el Registro de la Propiedad acudió ante el foro judicial. A pesar de acreditar los documentos requeridos según la Ley 201-2015, *supra,* y exponer los fundamentos de su causa, el foro primario denegó el

---

[1] Apéndice, págs. 12-25.
[2] Apéndice, págs. 7-61.

petitorio con perjuicio. Ello, por conferirle mayor peso al hecho que, la finca matriz se encuentra inscrita en el Registro de la Propiedad. Colegimos que, dicho análisis se centra en la limitada interpretación del inciso (1)(d) del Art. 185 de la Ley 210-2015, *supra* que, versa sobre cuando la finca matriz objeto de una segregación no consta inscrita. El foro primario incidió en su proceder al no reconocer que, lo establecido en el inciso (1)(i) del Art. 185 versa sobre cuando la finca matriz objeto de la segregación consta inscrita en el Registro de la Propiedad. Lo antes resulta aplicable al cuadro fáctico pertinente a la presente causa.

El Articulo 185 de la Ley Núm. 210-2015, *supra*, reconoce que el escrito jurado a presentarse ante el foro primario contendrá ciertas alegaciones de la cual incluye en su inciso (i) mención de lo siguiente: "[...] **[S]i la finca resulta ser una segregación de una finca de mayor cabida <u>que consta inscrita</u>, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción**. [...]" (Énfasis nuestro).

Según se desprende del expediente, la propiedad inmueble en controversia proviene de la segregación de una finca de mayor cabida, producto de la *Escritura #5 de Segregación y Ratificación de Compraventa* y se presentó un plano de inscripción aprobado por la OGPe.[3] Resulta evidente que, aunque la finca de la cual se segrega, consta inscrita en el Registro de la Propiedad, el Art. 185 (1)(i) de la Ley Núm. 210-2015, *supra*, permite que, el foro judicial proceda con el proceso de rigor que, inicia con la expedición de las correspondientes citaciones en aras de luego justipreciar los méritos de la causa instada, conforme a derecho.

Por ello colegimos que, el foro primario erró al desestimar con perjuicio la petición de expediente de dominio en esta etapa de los

---

[3] Apéndice págs., 40-61.

procesos. El foro primario debió continuar el debido proceso de ley correspondiente a una petición de expediente de dominio y en particular, debió -como asunto inicial de umbral- autorizar la expedición de las correspondientes citaciones conforme exige el Art. 185 (2), *supra*, según solicitado por la apelante.

Por último, hacemos constar que nuestro pronunciamiento, en esta etapa de los procesos, no prejuzga o atiende posibles asuntos evidenciarios, la evaluación de la prueba a la luz de las disposiciones estatutarias conforme la jurisprudencia aplicable, que en su momento, deberán ser dirimidos y adjudicados por el TPI dentro de su sana discreción y un debido proceso de ley.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* apelada y devolvemos el caso al foro primario para la continuación de los procesos, conforme lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones