ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ROSA MARÍA BÁEZ DE JESÚS Y SUCN. FRANCISCO RODRÍGUEZ PÉREZ, compuesta por Carlos Francisco, Caroline, Brenda Amir, Michael Francisco, Roy Francisco y Roger Francisco, todos de apellidos Rodríguez Báez<br><br>Recurridos<br><br>Ex Parte<br><br><br>José Báez Rodríguez; Iris Raquel Rodríguez Cintrón<br><br>Peticionarios | KLCE202500641 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Número: JD2021CV00511<br><br><br>Sobre: Expediente de Dominio |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de julio de 2025.

Comparecen Aníbal Báez De Jesús e Iris Raquel Rodríguez Cintrón (en conjunto, "Peticionarios") mediante *Petición de Certiorari* y solicitan la revisión de la *Resolución* notificada el 5 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce ("TPI"). Mediante el referido dictamen, el TPI determinó que la *Resolución* emitida el 10 de marzo de 2022 cumplió con los requisitos de la Ley 210-2015[1]. Ello, a pesar de que los peticionarios, alegan que, como supuestos dueños de una vivienda edificada en la finca objeto de un trámite de expediente de dominio, debían ser notificados personalmente sobre el procedimiento.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

---

[1] Ley 210-2015, según enmendada, conocida como la "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico", 30 LPRA secs. 6001 *et seq*.

Número Identificador
RES2025_____

**I.**

El 23 de septiembre de 2021, Rosa María Báez De Jesús y la Sucesión de su difunto esposo, Francisco Rodríguez Pérez, compuesta por: Roy Francisco; Caroline; Brenda Amil; Carlos Francisco; Michael Francisco; Francisco Joel; y Roger Francisco, todos de apellidos Rodríguez Báez, (en conjunto, "Recurridos") instaron una *Petición* sobre expediente de dominio. Indicaron que eran dueños en común pro indiviso de una finca ubicada en el Municipio Autónomo de Villalba. Puntualizaron que la señora Báez De Jesús y el señor Rodríguez Pérez adquirieron la finca, en partes iguales, mediante la Escritura Número 81 y Escritura Número 88 sobre *Cesión de Derechos y Acciones Hereditarias*, otorgadas el 13 de mayo de 1996 y el 10 de agosto de 1995, respectivamente. Adujeron, además, que, junto a los anteriores dueños, habían poseído la propiedad por más de treinta (30) años de forma pacífica, ininterrumpida, a título de dueños y de buena fe. Señalaron que carecían de un título de dominio inscribible en el Registro de la Propiedad y, por lo tanto, solicitaron que el foro de instancia declarara justificado el dominio y ordenara la inscripción de la finca.

Tras los trámites de rigor, el 10 de marzo de 2022, se celebró el juicio en su fondo. En lo aquí pertinente, surge de la *Minuta* que los recurridos expresaron lo siguiente sobre unas edificaciones ubicadas dentro de la finca:

> También se hace aclaración sobre las tres estructuras que están construidas en el terreno. El precio establecido se basa en la propiedad de la peticionaria. **La tercera estructura le corresponde a la nieta de la suegra de la peticionaria**.
>
> **La inscripción de esa propiedad sería mediante acta de edificación. Si en algún momento quisiera ella reclamar sobre el predio, tendría inconveniente, excepto que se haga una segregación. El expediente de dominio es declarativo, no da derechos.**
>
> El licenciado Rodríguez tampoco ve que haya conflicto toda vez que se cumplió con el edicto que le dio notificación. También existe la edificación en suelo ajeno.[2]
>
> (Énfasis suplido)

---

[2] SUMAC, Entrada Núm. 17, pág. 2.

Aquilatada la prueba documental y testifical desfilada, el 18 de marzo de 2022, el foro de instancia dictaminó una *Resolución,* en virtud de la cual declaró Con Lugar la petición sobre expediente de dominio.

Posteriormente, el 1 de abril de 2025, el señor Báez Rodríguez y la señora Rodríguez Cintrón comparecieron mediante *Moción para Solicitar Conversión del Proceso de Dominio a uno Contencioso, Solicitud de Nulidad de Resolución y Otros Remedios.* Los peticionarios señalaron que del plano presentado por los recurridos en la *Petición* surgían tres (3) estructuras. Adujeron que una de las estructuras fue edificada por ellos hace más de cincuenta (50) años, para propósitos de vivienda. Detallaron que, al momento, la señora Rodríguez Cintrón reside en la estructura. Como corolario, destacaron que debían ser notificados sobre el procedimiento de inmatriculación, ya que tenían un interés propietario sobre la finca. Ante la falta de notificación, solicitaron que el foro de instancia declarara la nulidad de la *Resolución* y ordenara la cancelación del asiento de inscripción.

El 30 de abril de 2025, los recurridos instaron su *Oposición a Moción para Solicitar Conversión del Proceso de Dominio a uno Contencioso, Solicitud de Nulidad Resolución y Otros Extremos.* Esbozaron que, de conformidad con el Artículo 185 (2) de la Ley 210-215, 30 LPRA sec. 6291, se notificó personalmente a los colindantes, al Fiscal de Distrito, al Departamento de Transportación y Obras Públicas y al Municipio Autónomo de Villalba. Añadieron que, los días 27 de octubre, 3 y 10 de noviembre de 2021, se notificó a las demás partes interesadas mediante la publicación de edictos en un periódico de circulación general.

Por otro lado, adujeron que el abuelo de la señora Rodríguez Cintrón cedió sus derechos y acciones hereditarias sobre la finca a favor de la señora Báez De Jesús y su esposo Francisco Rodríguez Pérez. No obstante, reconocieron que la estructura en controversia le pertenece a la señora Rodríguez Pérez, debido a que la señora Báez De Jesús le permitió edificarla. Cónsono con lo anterior, arguyeron que los peticionarios no ostentaban derecho alguno sobre el terreno, únicamente sobre la estructura.

El 5 de mayo de 2025, el foro de instancia emitió una *Resolución*. E virtud del referido dictamen, denegó la solicitud de los peticionarios, a los efectos de convertir el procedimiento en uno contencioso y declarar la nulidad del pronunciamiento emitido el 18 de marzo de 2022. El TPI destacó que "la petición presentada, la vista celebrada y la Resolución emitida satisfacen los requisitos del Art. 185 de la Ley 210- 2015 y el debido proceso de ley".[3]

Insatisfechos, el 20 de mayo de 2025, los peticionarios presentaron una *Moción para Solicitar Reconsideración*. La solicitud de reconsideración fue denegada mediante *Orden* notificada el 21 de mayo de 2025.

Inconformes aún, el 10 de junio de 2025, la señora Rodríguez Cintrón y el señor Báez De Jesús acudieron ante esta Curia mediante *Petición de Certiorari*. Los peticionarios realizaron el siguiente señalamiento de error:

> **Erró el TPI y abusó de su discreción, al resolver que se cumplió con el debido proceso a pesar de que los recurrentes *[sic]* no fueron notificados personalmente cuando el Artículo 185 Inciso 2 Sub Inciso B II *[sic]*, de la Ley 210 del Registro de la Propiedad así lo dispone, cuando los recurrentes *[sic]* no tienen un derecho real sobre la finca objeto de la petición por estos haber construido dentro de la misma un inmueble dedicado a la vivienda hace más de 50 años.**

El 7 de julio de 2025, los recurridos notificaron su *Oposición a Petición de Certiorari*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec.

---

[3] Apéndice del recurso, pág. 42.

3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

Todo propietario que carezca de título inscribible de dominio podrá inscribirlo mediante procedimiento de expediente de dominio. El procedimiento de expediente de dominio es un trámite ex parte que no declara derechos, sino que justifica la existencia de un título de dominio de la parte promovente. *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953). Es por ello que, **la única función del juez es declarar justificado o no el dominio de los bienes de que se trate**. (Énfasis suplido). *Toro v. El Registrador de Mayagüez*, 25 DPR 472 (1917).

El procedimiento se encuentra regulado por el Artículo 185 de la Ley Núm. 210-2015, *supra*. Atinente a las personas que deberán ser notificadas sobre el trámite judicial, el aludido artículo establece    lo siguiente:

2. El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:
   a. Alcalde del municipio en que radiquen los bienes.
   b. Secretario de Transportación y Obras Públicas.
   c. Fiscal de Distrito.
   d. Las personas que están en la posesión de las fincas colindantes.

El tribunal ordenará la citación personal de los siguientes:
   a. El inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la

transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.

b. **Los que tengan cualquier derecho real <u>sobre la finca</u> objeto del procedimiento**.

El tribunal ordenará la citación mediante edicto de los siguientes:

a. Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.

b. Los que están ausentes pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.

El Tribunal Supremo ha manifestado que los requisitos establecidos por la Ley Núm. 210-215, *supra*, para la tramitación de un expediente de dominio son de cumplimiento estricto. *Nieves Osorio, Ex parte*, 127 DPR 907, 909 (1991) citando a *Álvarez Rivera v. Registrador,* 84 DPR 229, 230 (1961).

Por otro lado, nuestro Tribunal Supremo ha expresado que de surgir en el expediente de dominio una controversia sobre la validez del título o de los derechos dominicales del peticionario, deberá dilucidarse en el propio expediente de dominio, perdiendo su naturaleza *ex parte* y convirtiéndose en un juicio contencioso. *Ríos v. Tribunal Superior*, 77 DPR 79, 83 (1954). Ello representa ser la práctica judicial más conveniente, ya que evita una duplicación en los procedimientos y mantiene la eficacia del expediente de dominio. *Íd.* No obstante, **la parte que se oponga a la acreditación del título deberá alegar que tiene un mejor derecho que el promovente.** (Énfasis suplido). Art. 191 de la Ley 210-215, 30 LPRA sec. 6297.

Cabe destacar que "[l]a resolución aprobatoria de un expediente de dominio no constituye cosa juzgada, y no impide un ataque posterior a la resolución por quienes no hayan litigado". *Rodríguez v. Registrador, supra*, pág. 732. Cónsono con lo anterior, el Art. 192 de la Ley 210-2015, 30 LPRA sec. 6298, establece que "[l]a declaración de estar o no justificado el dominio no impedirá que se pueda presentar posteriormente una acción ordinaria contradictoria de dominio por quien se considere perjudicado, sin perjuicio de lo dispuesto en esta Ley respecto a tercero".

**III.**

Los peticionarios sostienen que el foro de instancia cometió un error al declarar que el trámite de expediente de dominio cumplió con los requisitos de la Ley 210-2015, *supra*. De manera particular, aducen que, como propietarios de una estructura edificada dentro del terreno, tienen un derecho sobre la finca y debían ser notificados personalmente sobre el procedimiento de inmatriculación.

Por su parte, los recurridos manifiestan que la parte peticionaria fue notificada adecuadamente mediante los edictos publicados. Añaden que la notificación personal resultaba improcedente, ya que los peticionarios no evidenciaron tener un derecho real sobre la finca.

Hemos examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*, y no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

Resulta menester destacar que, en el caso de epígrafe, únicamente se declaró justificado el dominio de la finca a favor de los recurridos. De tal modo que, la *Resolución* emitida el 10 de marzo de 2022 en nada impide que los peticionarios reclamen, en un pleito independiente, el derecho invocado sobre la edificación.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones