ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GABRIEL ÁNGEL CRESPO CARDONA T/C/C GABRIEL ÁNGEL CRESPO CARDONA, MELGUIADEZ ORTEGA NIEVES Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Recurridos<br><br>v.<br><br>PUERTO RICO COUNCIL OF BOY SCOUTS OF AMERICA, INC. Y OTROS<br><br>Peticionario | KLCE202401033 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Sebastián<br><br>Sobre:<br>EXPEDIENTE DE DOMINIO Y USUCAPION<br><br>Caso Número:<br>SS2024CV00404 |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 18 de noviembre de 2024.

Comparece el Puerto Rico Council of Boy Scouts of America, Inc. ("BSA" o "Peticionarios") mediante *Certiorari* y solicitan la revisión de la *Orden* dictada el 9 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Sebastián ("TPI"). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la solicitud de desestimación por falta de jurisdicción sobre la materia, instada por el BSA.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se *Revoca* el dictamen recurrido.

### I.

El 4 de junio de 2024, Gabriel Ángel Crespo Cardona ("señor Crespo"), Melguiadez Ortega Nieves ("señora Ortega"), y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "matrimonio Crespo-Ortega" o "Recurridos") presentaron ante el TPI una *Demanda* sobre expediente de dominio en contra de BSA, el Municipio de San Sebastián ("Municipio"), el Estado Libre Asociado de Puerto Rico ("ELA") y la Sucesión Chacón ("Sucesión"). Los Recurridos alegaron que, junto a los ascendientes

del señor Crespo, habían ocupado por más de setenta y ocho (78) años, de manera pública, pacífica, ininterrumpida y en concepto de dueños, la siguiente finca:

> ---RÚSTICA: Predio de terreno que ubica en el Barrio Guajataca, sector El Boquerón, Carretera 119, kilómetro 23.6 del término municipal de San Sebastián, Puerto Rico------------
>
> Tiene una cabida superficial de tres mil quinientos tres metros cuadrados con nueve mil quinientos ochenta y nieve diezmilésimas de otro metro cuadrado (3503.9589 mc) equivalentes a ocho mil novecientos quince diezmilésimas de una cuerda (0.8915 cd). Ubica en este predio dos estructuras de tipo residencial, construida en hormigón techados en zinc
>
> El número de catastro del predio es 101-000-002-13-901
>
> Colinda por el NORTE en sesenta y seis metros lineales con noventa y siete diezmilésimas de otro metro lineal (66.0097 ml) con terrenos del Concilio de Puerto Rico de los Boys Scouts of América (campamento Guajataka).
>
> Colinda por el SUR en sesenta y dos metros lineales con tres mil cuatrocientos veinticinco diezmilésimas de otro metro lineal (62.3425 ml) con terrenos del Concilio de Puerto Rico de los Boys Scouts of América (campamento Guajataka).
>
> Colinda por el ESTE en cuarenta y un metro lineal con mil doscientos cincuenta y dos diezmilésimas de otro metro lineal (41.1252 ml) con terrenos del Concilio de Puerto Rico de los Boys Scouts of América (campamento Guajataka).
>
> Colinda por el OESTE con varias alineaciones en sesenta y ocho metro lineal con tres mil ochocientos cuarenta y siete diezmilésimas de otro metro lineal (68.3847 ml) con Camino Municipal que da acceso a este predio y a otros inmuebles.
>
> ---NÚMERO DE CATASTRO: 101-000-002-13-------------------[1]

Tras varios trámites procesales, el 19 de agosto de 2024, el Municipio presentó una *Moción de Desestimación en cuanto al Municipio Autónomo de San Sebastián*. El Municipio sostuvo que, ninguna porción del terreno en controversia le pertenecía y, por tanto, procedía la desestimación de la acción instada en su contra. Asimismo, adujo que, el expediente de dominio era improcedente debido a que el matrimonio Crespo-Ortega incumplió con los requisitos establecidos en el Artículo 185 de la Ley Núm. 210-2015, 30 LPRA sec. 6291, conocida como la "*Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico*" ("Ley Hipotecaria").

---

[1] Véase, Apéndice de la Parte Peticionaria a la pág. 2.

El 20 de agosto de 2024, el BSA presentó una *Solicitud de Desestimación,* en virtud de la Regla 10.2 (1) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, por los siguientes fundamentos: (1) el recurso fue presentado como una demanda, cuando debió haber sido presentado como una petición *ex parte,* por tratarse sobre un acto de jurisdicción voluntaria; (2) la demanda no fue juramentada por el matrimonio Crespo-Ortega, requisito para la inmatriculación de una finca; (3) la demanda no canceló los aranceles correspondientes; (4) el Secretario del Departamento de Transportación y Obras Públicas ("DTOP") y el Fiscal de Distrito no fueron notificados, conforme requiere la acción de expediente de dominio; (5) las sucesiones no tienen personalidad jurídica, por lo que el matrimonio Crespo-Ortega debía citar a todas las personas que componen la Sucesión de Julio Rodríguez Chacón, y; (6) no se citó mediante edicto a las personas ignoradas o desconocidas, a quienes pudiera perjudicar la inscripción solicitada. Así las cosas, el BSA arguyó que, ante el incumplimiento del matrimonio Crespo-Ortega con los requisitos para la tramitación del expediente de dominio, el foro primario carecía de jurisdicción sobre la materia y procedía la desestimación del recurso.

Posteriormente, el 5 de septiembre de 2024, el matrimonio Crespo-Ortega presentó su *Réplica a Moción de Desestimación en cuanto a Municipio Autónomo de San Sebastián.* Los Recurridos expresaron que, no tenían objeción a que se desestimara con perjuicio la causa de acción en contra del Municipio, toda vez que el Municipio no tenía un interés propietario sobre el inmueble u otra objeción relacionada al título del mismo.

Por otra parte, ese mismo día, el matrimonio Crespo-Ortega, notificó su *Réplica a Solicitud de Desestimación radicada por Puerto Rico Council y Boy Scouts of America, Inc.* El matrimonio Crespo-Ortega señaló que, no procedía la desestimación de la demanda, ya que estarían enmendando la misma para incluir a los miembros de la Sucesión, como posibles partes con interés. Además, expresaron que estaría acompañando la demanda enmendada del correspondiente escrito jurado. Por otra parte, el matrimonio

Crespo-Ortega alegó que, una vez se sometiera la demanda enmendada, notificarían al Secretario del DTOP y al Fiscal de Distrito.

Así, pues, en esa misma fecha, el matrimonio Crespo-Ortega presentó una *Segunda Demanda Enmendada*, a los efectos de incluir en el pleito a los herederos de Don Julio Rodríguez Chacón. El 9 de septiembre de 2024, como parte de la petición de expediente de dominio, los Recurridos presentaron la declaración jurada del señor Crespo.

Ese mismo día, el TPI emitió una *Orden*, mediante la cual declaró: "*No Ha Lugar la solicitud de desestimación presentada por la codemandada PUERTO RICO COUNCIL Y BOY SCOUTS OF AMERICA, INC. […] por los fundamentos expresados por la parte demandante*".[2] Inconformes, el 24 de septiembre de 2024, el BSA acudió ante esta Curia mediante recurso de *Certiorari*. Los Peticionarios le imputaron al TPI la comisión de los siguientes errores:

> **Erró el TPI al dictar Orden contraria a derecho y no exigir el cumplimiento de los requisitos de una Petición Expediente de Dominio.**
>
> **Erró el TPI al continuar con un procedimiento que no le concede jurisdicción sobre la materia.**
>
> **Erró el TPI al permitir la continuación de los procedimientos de epígrafe cuando la parte recurrida solicitó desestimación con perjuicio del pleito al Municipio de San Sebastián quien es una parte indispensable en el mismo *[sic]*.**

El 30 de septiembre de 2024, el TPI le notificó al matrimonio Crespo-Ortega que no habían cancelado los aranceles correspondientes a la presentación de la demanda. Consecuentemente, el 16 de octubre de 2024, los Recurridos sometieron los aranceles pendientes por cancelar.

El 6 de noviembre de 2024, el matrimonio Crespo-Ortega presentó su alegato en oposición. Perfeccionado el recurso y contando con la comparecencia de las partes, procedemos a resolver.

---

[2] Véase, Apéndice de la Parte Peticionaria, a la pág. 1.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el

abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari,* a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**-B-**

El mecanismo de expediente de dominio es un procedimiento *ex parte* que le permite a todo propietario que carezca de título inscribible de dominio proceder con la inscripción de dicho dominio. El expediente de dominio no declara derechos, sino que justifica la existencia

de un título de dominio de la parte promovente. *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953). Es por ello que, la única función del juez es declarar justificado o no el dominio de los bienes de que se trate. *Toro v. El Registrador de Mayagüez*, 25 DPR 472 (1917). Por lo tanto, "*[l]a resolución aprobatoria de un expediente de dominio no constituye cosa juzgada, y no impide un ataque posterior a la resolución por quienes no hayan litigado*". *Rodríguez v. Registrador, supra.*

El procedimiento se encuentra regulado por el Artículo 185 de la Ley Núm. 210-2015, 30 LPRA sec. 6291, conocida como la "*Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico*" ("Ley Hipotecaria"). En lo aquí pertinente, el precitado artículo dispone que todo propietario que carezca de título inscribible de dominio, podrá hacerlo si cumple con los siguientes requisitos:

1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. El escrito contendrá las siguientes alegaciones:
   […]
   i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. **Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, <u>la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción</u>**. No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción pro indivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.
[…]
2. El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:
   a. Alcalde del municipio en que radiquen los bienes.
   b. Secretario de Transportación y Obras Públicas.
   c. Fiscal de Distrito.
   d. Las personas que están en la posesión de las fincas colindantes.
El tribunal ordenará la citación personal de los siguientes:

a. El inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.

b. Los que tengan cualquier derecho real sobre la finca objeto del procedimiento.

El tribunal ordenará la citación mediante edicto de los siguientes:

a. Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.

b. Los que están ausentes pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.

(Énfasis y subrayado suplido)

Nuestro Alto Foro ha expresado que, los requisitos legales contenidos en el Art. 185 de la Ley Hipotecaria, *supra*, para la tramitación de un expediente de dominio son esenciales y de cumplimiento estricto. *Nieves Osorio, Ex Parte*, 127 DPR 907 (1991), citando a *Álvarez Rivera v. Registrador*, 84 DPR 229, 230 (1961).

Por otra parte, el Art. 191 de la Ley Hipotecaria, 30 LPRA sec. 6297, dispone que, de surgir en el expediente de dominio una controversia sobre la validez del título o de los derechos dominicales del peticionario y una de las personas citadas alegue que tiene mejor título que el solicitante, "*se entenderá convertido el procedimiento de expediente de dominio en un juicio contencioso ordinario*".

**-C-**

La Regla 10.2 de Procedimiento Civil, *supra*, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

(1) **falta de jurisdicción sobre la materia;**

(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable. *Íd.*

(Énfasis nuestro)

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o, incluso, cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group*, Inc., 200 DPR 254, 268 (2018). Nuestro máximo foro ha señalado que:

> [La] ausencia de jurisdicción sobre la materia trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste abrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009), citando a *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997), y; Vázquez v. A.R.PE., 128 DPR 513 (1991).

Tan pronto un tribunal determina que no tiene jurisdicción sobre la materia, está obligado a desestimar el caso. Regla 10.8 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.8; *González v. Mayagüez Resort & Casino, supra*, pág. 855.

### III.

En síntesis, los Peticionarios sostienen que, el foro recurrido incidió al: (1) no exigirle al matrimonio Crespo-Ortega el cumplimiento con los requisitos para la tramitación del expediente de dominio; (2) continuar con el procedimiento, a pesar de carecer de jurisdicción sobre la materia, y; (3) desestimar el pleito respecto al Municipio, a pesar de que este es una parte indispensable.

Los errores primero y segundo serán discutidos de manera conjunta, por entender que están intrínsecamente relacionados. Atinente a la

controversia ante nos, el BSA alegó ante el foro primario que, la demanda presentada por el matrimonio Crespo-Ortega no fue juramentada y que el Fiscal de Distrito y el Secretario del DTOP no fueron notificados, según exige la Ley Hipotecaria, *supra.*

Conforme surge del expediente, tras la presentación de la solicitud de desestimación por parte del BSA, el matrimonio Crespo-Ortega procedió a presentar una demanda enmendada, con el propósito de subsanar los defectos señalados por los Peticionarios. A tales efectos, los Recurridos procedieron a: (1) incluir a los miembros de la Sucn. Julio Rodríguez Chacón; (2) expresar que notificarían al Fiscal de Distrito y al DTOP, y; (3) señalar que presentarían la declaración jurada del señor Crespo. Consecuentemente, el matrimonio Crespo-Ortega presentó la antedicha declaración jurada. Sin embargo, al momento, no obra en autos evidencia del cumplimiento con el requisito de notificación al Fiscal de Distrito y al DTOP.

A pesar de la falta de notificación, el TPI procedió a denegar la desestimación solicitada por los Peticionarios, "*por los fundamentos expresados por la parte demandante*", sin ulterior determinación.[3] Ante el incumplimiento con los requisitos para la tramitación del expediente de dominio, procedía que el TPI, previo a continuar con los procedimientos, le exigiera a los Recurridos evidenciar el cumplimiento con los requisitos o, en la alternativa, desestimara por falta de jurisdicción sobre la materia. Por el contrario, mediante el dictamen recurrido, el foro primario no emitió pronunciamiento alguno sobre el incumplimiento del matrimonio Crespo-Ortega.

Como bien es sabido, los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Ante una solicitud de desestimación al amparo de la Regla 10.2 (1) de Procedimiento Civil, *supra,* el foro primario tiene el deber de examinar con rigurosidad el asunto planteado. A su vez, el Tribunal Supremo ha sido enfático al expresar que los requisitos exigidos por el Artículo 185 de la Ley

---

[3] Véase, Apéndice de la Parte Peticionaria, a la pág. 1.

Hipotecaria, *supra*, son esenciales y de cumplimiento estricto. *Nieves Osorio, Ex Parte, supra.* Por todo lo cual, su incumplimiento priva al tribunal de jurisdicción para atender la petición de expediente de dominio. Resulta forzoso concluir que, el TPI erró al denegar la desestimación instada por los Peticionarios, sin auscultar su jurisdicción sobre el asunto.

Por otro lado, a través del tercer error, el Peticionario aduce que el foro primario incidió al desestimar la demanda de epígrafe en contra del Municipio, a pesar de que este es una parte indispensable. Debemos destacar que, en el recurso de *certiorari* solicitado, el BSA únicamente recurrió de la *Orden* emitida el 9 de septiembre de 2024. Mediante el referido dictamen, el foro recurrido denegó la solicitud de desestimación instada por el BSA, por falta de jurisdicción sobre la materia. Posteriormente, el 12 de septiembre de 2024, el TPI notificó una *Sentencia Parcial*, en la cual desestimó la reclamación instada contra el Municipio.

Advertimos que, el Peticionario no solicitó la reconsideración de la *Sentencia Parcial* o su revocación mediante apelación. De igual manera, constatamos que, el Peticionario tampoco se opuso a la desestimación solicitada por el Municipio. En otras palabras, el argumento sobre la falta de parte indispensable nunca fue presentado ante el foro recurrido. Por tanto, carecemos de jurisdicción para atender el error señalado y para revocar la *Sentencia Parcial* impugnada.

**IV.**

Por los fundamentos que anteceden, se expide el auto solicitado y se *Revoca* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones